**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT T. BASSLER, JR.,

      Plaintiff,

vs.                                              Case No. 3:08-cv-595-J-32JRK

GEORGE WESTON BAKERIES
DISTRIBUTION, INC., a foreign
corporation

      Defendant.

## ORDER[1]

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Complaint and Memorandum of Law (Doc. 4) to which Plaintiff filed a response in opposition (Doc. 10). The Court, having considered the motion, response, and complaint, and being otherwise advised in the premises, concludes that Defendant's motion should be **GRANTED** in part and **DENIED** in part as described in the body of this Order.

**I.**      **History**[2]

Defendant is a national distributor of fresh baked goods, conducting

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] These facts are derived from Plaintiff's Complaint.

business through a number of independent operators. These independent operators purchase exclusive sales territories (routes) and baked goods from Defendant and then re-sell those goods to various clients located on their route. On or about April 10, 2000, Plaintiff signed a Distribution Agreement with Defendant and became an independent operator.

While under contract, however, Plaintiff received from Defendant several "breach" letters, identifying discrete but "curable" failures to comply with the terms of the Distribution Agreement. On or about June 11, 2007, Defendant notified Plaintiff that he was in "chronic breach" of the Distribution Agreement and subsequently terminated the contract. Plaintiff relinquished control of his route as dictated by the terms of the Distribution Agreement and was barred from entering any of Defendant's properties. Following the termination of the Distribution Agreement, Plaintiff contends that two of Defendant's managers uttered false and defamatory statements about him.

Plaintiff filed this three-count suit in June 2008 alleging: first, that Defendant breached the terms of the parties' Distribution Agreement (Count I); second, and alternatively, that Defendant breached a fiduciary duty arising independently from the Distribution Agreement (Count II); and third, that Defendant uttered false and defamatory statements concerning Plaintiff (Count III). Defendant filed a motion to dismiss Counts II & III under Rule 12(b)(6), attacking Plaintiff's breach of fiduciary duty theory and denying any defamatory

statements.

**II.     Standard of Review**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Castro v. Secretary of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006);  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 127 S.Ct. at 1964-65 (internal citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . .  on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  Id. at 1974.

3

### III.     Discussion

The Court first addresses whether Florida's economic loss rule precludes recovery for Plaintiff's breach of fiduciary duty claim. Pursuant to Florida law,[3] the economic loss rule provides that "parties to a contract can only seek tort damages if conduct occurs that establishes a tort distinguishable from or independent of [the] breach of contract." Royal Surplus Ins. Co. v. Coachman Indus., Inc., 184 Fed. App'x 894, 902 (11th Cir. 2006) (citing HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996)). This rule is premised on the theory that "when the parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss." Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 543 (Fla. 2004). Although Florida law provides some limited exceptions to the economic loss rule, the Florida Supreme Court has made it clear that the economic loss rule does apply "where [a] breach of fiduciary duty claim is inextricably intertwined and dependent upon the breach of contract claim." Granat v. Axa Equitable Life Ins. Co., No. 06-21197-CIV, 2006 WL 3826785, at *5 (S.D. Fla. Dec. 27, 2006) (citing Am. Aviation, 891 So. 2d at 536-44).

---

[3]The Distribution Agreement is governed by New York law, but both parties assume that Florida law applies to the breach of fiduciary duty and defamation counts so the Court will as well.

4

For example, in Granat, the Plaintiffs sought damages for the non-payment of a life insurance policy, setting forth a number of claims including breach of contract and breach of fiduciary duty. Granat, 2006 WL 3826785, at *1. The court found, however, that the breach of fiduciary duty claim was barred by Florida's economic loss rule because it was rooted in the same set of facts as the breach of contract claim. Id. at *5. The court was specifically concerned with the fact that the Plaintiff alleged identical damages and injuries under both claims, citing these similarities as evidence that the claims were inextricably intertwined. Id. As such, the court reasoned that the parties should be constrained to the negotiated remedies for non-performance articulated in the contract. Id. (citing American Aviation, 891 So. 2d at 542).

The question, then, is the extent to which Plaintiff's allegations set forth a claim separate and distinct from the terms of the Distribution Agreement. Plaintiff alleges that after wrongfully terminating the Distribution Agreement, Defendant "undertook to operate the Route and to sell the Route for [Plaintiff's] account and benefit," and these undertakings "gave rise to fiduciary duties on the part of [Defendant] to act diligently and prudently, and to avoid self-dealing." (Doc. 2, ¶¶ 34-35). However, the Defendant assumed control of Plaintiff's route pursuant to the terms of the Distribution Agreement. As such, it cannot be said that Defendant's conduct was "extraneous" to the contract itself. See Granat, 2006 WL 3826785, at *3. In fact, Plaintiff used precisely the same information and

5

allegations to form the basis of his contract and tort claims, apparently demonstrating that the claims are "inextricably intertwined." See Doc. 2, ¶¶ 29, 36-37; Granat, 2006 WL 3826785, at *5. Moreover, Count II is confusing, intermixing concepts of an accounting, breach of fiduciary duty and constructive trust. Count II is due to be dismissed. And, while the Court is skeptical about the viability of a breach of fiduciary duty claim in these circumstances, the Court will give Plaintiff an opportunity to amend Count II to try to state a claim and to make clear what claims and remedies Plaintiff asserts.

The Court next examines whether Plaintiff has stated a claim for defamation. Under Florida law, the elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Thomas v. Jacksonville Television, Inc., 699 So. 2d 800, 803-04 (Fla. 1st DCA 1997) (quoting Restatement (Second) of Torts § 558 (1977)). To analyze the content of a communication, "the words should be given a reasonable construction in view of the thought to be conveyed," and construed as the "common mind would naturally have understood them." Wolfson v. Kirk, 273 So. 2d 774, 778 (Fla. 4th DCA 1973). Therefore, statements should be interpreted not "in their mildest or most grievous sense," but in that sense "in which they may be understood and in which

they appear to have been used and according to the ideas which they were adopted to convey to those who hear them or to whom they are addressed." Loeb v. Geronemus, 66 So. 2d 241, 245 (Fla. 1953) (quoting Budd v. J.Y. Gooch Co., 27 So. 2d 72, 74 (1946)).

Although statements of pure opinion are not actionable as defamation, Johnson v. Clark, 484 F. Supp. 2d 1242, 1247 (M.D. Fla. 2007) (citing Morse v. Ripken, 707 So. 2d 921, 922 (Fla. 4th DCA 1998)), courts distinguish between pure expressions of opinion and mixed expressions. Johnson, 484 F. Supp. 2d at 1247. A statement is not protected as pure opinion if it implies the existence of undisclosed defamatory facts as its basis. LRX, Inc. v. Horizon Assocs. Joint Venture, 842 So. 2d 881, 885 (Fla. 4th DCA 2003); see also Stembridge v. Mintz, 652 So. 2d 444, 446 (Fla. 3d DCA 1995).

Whether a statement is one of opinion or one of fact is a question of law. Keller v. Miami Herald Pub. Co., 778 F.2d 711, 715 (11th Cir. 1985) (citing From, 400 So. 2d at 56-57). Similarly, a court must decide whether an alleged defamatory statement consists of mixed opinion and fact. Johnson, 484 F. Supp. 2d at 1247 (citing Colodny v. Iverson, Yoakum, Papiano & Hatch, 926 F. Supp. 917, 923 (M.D. Fla. 1996)). Where a court finds that the statement in question is a mix of opinion and fact and reasonably capable of defamatory interpretation, then a jury issue is presented. Stembridge v. Mintz, 652 So. 2d 444, 446 (Fla. 3d DCA 1984).

Applying this standard, the Court finds that Plaintiff has stated a cause of action for defamation. Plaintiff alleges that two of Defendant's managers made false statements likely to "degrade and injure [Plaintiff] in his good name and reputation." (Doc. 2, ¶¶ 43-44). Specifically, the complaint notes that one of Defendant's managers falsely claimed to have called the police when Plaintiff "'went nuts' and caused a disturbance upon being informed of the termination of his Distribution Agreement." (Doc. 2, ¶ 43). Another of Defendant's managers told personnel at one of Plaintiff's stores that he felt compelled to "start carrying a gun" because of Plaintiff's conduct. (Doc. 2, ¶ 44).

According to the complaint, these statements were predicated upon facts either wholly fabricated or inaccurately conveyed, making them statements of mixed expression under the law. As such, they are not constitutionally protected as pure opinion and may serve as the basis for a defamation claim under Florida's four-part standard. To that end, Plaintiff claims that the Defendant: (1) made false and degrading statements; (2) published those statements to Plaintiff's business clients; (3) made the statements intentionally and maliciously; and (4) imputed conduct to the Plaintiff which is incompatible with the exercise of his lawful business.Taking the facts in the light most favorable to the Plaintiff and construing the statements as the "common mind" would naturally have understood them, the Court finds these statements, if made, could likely diminish Plaintiff's professional reputation and substantially impair his ability to conduct

8

business.  See Restatement (Second) of Torts §§ 558, 573 (1977). Therefore, Plaintiff has sufficiently stated a claim for defamation.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Complaint (Doc. 4) is **GRANTED** as to Count II and **DENIED** as to Count III as described in the body of this Order. Plaintiff may file an amended complaint no later than **November 17, 2008**. Defendant must respond to the amended complaint no later than **December 8, 2008**.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

z.
Copies to:
Counsel of Record